UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE PAUL MCABEE,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:18-CV-04075-KES<br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

In 2017, Terrance Paul McAbee, then a federal prisoner incarcerated in the Federal Correctional Institution at Big Spring, Texas, filed a "Notice of Constitutional Challenge and Motion to Intervene with an Injunction." See McAbee v. United States, Civ. No. 17-4090, Docket No. 1 (D.S.D.). The court gave Mr. McAbee notice that it construed his pleading to be a habeas petition pursuant to 28 U.S.C. § 2255 and gave him the opportunity to withdraw his pleading if he did not intend to submit a § 2255 motion. Id. at Docket No. 3. Id. Mr. McAbee did not withdraw his pleading. Thereafter, the court screened Mr. McAbee's motion under § 2255 and recommended dismissal with prejudice because the motion was untimely, a recommendation that was adopted in full by the district court. Id. at Docket Nos. 6 & 7.

Now, Mr. McAbee has filed another pleading with this court nominated as a § 2255 motion to vacate, set aside, or correct his sentence. See Docket

No. 1. In his new motion, Mr. McAbee attacks his underlying federal conviction on grounds of due process, that alcohol consumption invalidated his plea of guilty, the government concealed from the court certain breathalyzer evidence, the dates in the plea agreement conflict with the date that document was actually signed, insufficient [sic] counsel, and invalid sentencing enhancements. Id. Mr. McAbee alleges he is currently serving his federal term of incarceration at FCI El Reno prison, which is located in El Reno, Oklahoma. See Docket No. 2. However, the return address on his § 2255 motion was Carbondale, Illinois. See Docket No. 1-2.

This matter has been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district court judge.

## DISCUSSION

District courts are not allowed to entertain a § 2255 motion if the legality of the movant's detention was previously determined by a judge or court of the United States on a prior application for habeas relief. See 28 U.S.C. § 2244(a). Here, this court previously determined the legality of Mr. McAbee's detention in his 2017 motion for relief pursuant to § 2255. If a federal prisoner wishes to present a second or successive motion under § 2255, he must obtain permission from the appropriate court of appeals (here, that would be the Eighth Circuit) to file the motion. See 28 U.S.C. § 2255(h). The court of appeals will grant such permission to file a second or subsequent § 2255 motion if one of two circumstances is presented: (1) the movant has newly

discovered evidence which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable finder of fact would have found the movant guilty; or (2) a new rule of constitutional law, made retroactive to habeas cases, has been decided that was previously unavailable.  Id.   The limitation on filing a second or successive § 2255 motion is jurisdictional.  United States v. Lee, 792 F.3d 1021, 1022 (8th Cir. 2015).  The Eighth Circuit has held that a § 2255 motion filed after an earlier § 2255 motion was dismissed as untimely is subject to the restriction on second or successive filings.  Diaz-Diaz v. United States, 297 Fed. Appx. 574, 575 (8th Cir. 2008) (per curiam) (unpub'd).

Even if Mr. McAbee were to allege either of the situations described in § 2255(h) exists in his case, the determination whether to allow the second or successive § 2255 petition rests with the Eighth Circuit, not with this district court.  28 U.S.C. § 2255(h).  This court lacks jurisdiction to make that determination.  Lee, 792 F.3d at 1022.

The court notes that in 2016 an amended judgment was entered as to Mr. McAbee.  See United States v. McAbee, Crim. No. 14-40027(1), Docket No. 86 (D.S.D.)  There are some circumstances where the entry of an amended judgment can "wipe the slate clean" of post-conviction motions previously filed for purposes of the restriction found at § 2255(h).  Dyab v. United States, 855 F.3d 919, 923 (8th Cir. 2017).  However, those circumstances are not present here.  Mr. McAbee in his instant § 2255 motion does not seek to attack or modify any decision touching on the amendment to his judgment.  Rather, he

3

seeks to attack or modify his sentence based on facts and legal theories that were present before he filed his first § 2255 motion in 2017 and that were available to have been raised by him at the time of the filing of that first motion. In addition, Mr. McAbee's first § 2255 motion from 2017, which itself was untimely, was filed *after* the amended judgment was entered in his case in 2016. Accordingly, the court concludes the instant § 2255 motion filed by Mr. McAbee is a second or successive petition. As such, he is required to obtain the permission of the Eighth Circuit before this court may entertain that motion. See 28 U.S.C. § 2255(h).

## CONCLUSION

This magistrate judge respectfully recommends that Mr. McAbee's § 2255 motion be dismissed for lack of jurisdiction as it is a second or successive petition filed in this court without having obtained the prior permission to file such a motion from the Eighth Circuit. Alternatively, the court recommends Mr. McAbee's motion be transferred to the Eighth Circuit for consideration by that court under § 2255(h). See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (directing district courts presented with second or successive petitions to either dismiss the petition or transfer it to the Eighth Circuit).

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B). Failure to file timely objections will result in the

4

waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED July 3, 2018.

BY THE COURT:

*[signature: Veronica L. Duffy]*
VERONICA L. DUFFY
United States Magistrate Judge